# MEMO ENDORSED

Paul M. Kaplan
Direct: (212) 541-1074
Fax (212) 541-1474
paul.kaplan@bryancave.com

# BRYAN CAVE

May 15, 2008

**VIA FACSIMILE**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/08
```

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Riyadh
Shanghai
St. Louis
United Arab Emirates (Dubai)
Washington, DC

And Bryan Cave,
A Multinational Partnership,
London

Re:   *Macquarie Group Limited, et al. v. Pacific Corporate Group LLC*, Case No. 08 CV 03408 (PKC)

Dear Judge Castel:

This letter is being submitted jointly by Bryan Cave LLP, counsel to the Plaintiffs Macquarie Group Limited ("MGL"), Macquarie Bank Limited, David Clarke, Allan Moss, Richard Sheppard, Ben Bruck, and John Brakey (collectively, "Plaintiffs") in the above-referenced action, and Kasowitz Benson Torres & Friedman LLP, counsel to Defendant Pacific Corporate Group LLC ("PCG") in the above-referenced action.

This letter seeks clarification of Your Honor's May 12, 2008 Order. Specifically, the Order provides that "Parties to meet face to face between now and June 27 to discuss resolution." Plaintiffs understand this provision to require only the lawyers to meet face to face. PCG understands this provision to require principals of the clients to meet face to face with counsel.

### Plaintiffs' Position and Request

If the Order intends to require the clients to meet face to face, Plaintiffs request that the Court permit the Head of Risk Management Group Legal Affairs Americas of Macquarie Holdings U.S.A. Inc., a subsidiary of MGL, that has advised Plaintiffs in connection with this matter and is located in New York to represent Plaintiffs in the settlement discussion. If not, Plaintiffs respectfully request that your Honor authorize conducting the settlement meeting via video conference with their in-house legal representative, given that the Plaintiffs are all located in Australia, and traveling to the United States for this settlement negotiation would be quite expensive, cause them great inconvenience and interrupt their business obligations. Plaintiffs believe that all of the benefits of a face to face meeting are available either with the Head of Legal Affairs present in the U.S. or via a video conference with their in-house legal representative, in that the parties will be able to speak to each other about their respective positions and visually see the reactions of the other party, without incurring the great expense of traveling across the globe for the meeting. If PCG

C0683890219184/1483323.2

Honorable P. Kevin Castel　　　　　　　　　　　　　　　　　　　　　　　Bryan Cave LLP
May 15, 2008
Page 2

does not have access to video conference capability, they will be able to participate in the video conference from either of my firm's Southern California offices.

PCG's Position and Request

Given PCG's understanding that the order requires the presence of principals from the parties with authority to resolve the matter, PCG intends to have its Chief Executive Officer, Christopher Bower, present at the meeting with full settlement authority. PCG objects to Plaintiffs being represented at the settlement conference solely by the above-referenced employee of non-party Macquarie Holdings U.S.A. Inc. Plaintiffs' counsel has informed PCG's California counsel that this individual will not have settlement authority and that in fact, no representative of Plaintiffs will have settlement authority without first reporting to a MGL committee in Australia for settlement approval. It is PCG's view that a face to face meeting (as opposed to a video conference call) of principals with full settlement authority is in compliance with the Court's order and is most likely to result in a resolution of this complex business dispute. Finally, from prior experience in other contested matters, PCG and its counsel do not share Plaintiffs' belief that a video conference is in any way comparable to the value of in-person discussions and negotiations.

Thank you for your consideration.

Respectfully submitted,

Paul M. Kaplan　　　　　　　　　　　　　　　　　　　　Paul M. O'Connor III
*Counsel to Plaintiffs*　　　　　　　　　　　　　　　　　　*Counsel to Defendant*

> I agree that videoconferencing will not likely accomplish much. A meeting between in-house legal counsel of Macquarie and the CEO of asymmetrical Pacific Corporate Group is agreeable. The inability of attenders on the roster to agree is distressing. So much of my Order of May 1) as recites "parties to meet face to face between" is vacated. Counsel for the parties are encouraged to continue a mutually agreeable dialogue towards settlement.
> SO ORDERED
> [signature] 5-15-08

C06H3890219184/1483323.2