# BRYAN CAVE

**MEMO ENDORSED**

Paul M. Kaplan
Direct: (212) 541-1074
Fax: (212) 541-1474
paul.kaplan@bryancave.com

June 24, 2008

**VIA FACSIMILE**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Re:  *Macquarie Group Limited, et al. v. Pacific Corporate Group LLC*, Case No. 08 CV 03408 (PKC)

Dear Judge Castel:

This firm represents the Plaintiffs (collectively, "Macquarie") in the above-referenced action and submits this letter in response to Paul M. O'Connor III's letter of June 23, 2008 in which Pacific Corporate Group LLC ("PCG") requested an adjournment of the June 27, 2008 pre-motion conference. PCG bases its request for an adjournment on this Court's May 12, 2008 Order which PCG now claims required the parties to have a face-to-face settlement conference. However, as Your Honor is aware, this Court vacated that requirement on May 15, 2008. *See* May 15, 2008 Order attached as Exhibit 1. According to the Court's Order, "Counsel for the parties are encouraged to continue a dialogue toward setting up a mutually agreeable format for discussion". Macquarie has sought to follow the Court's Order in this regard.

While Mr. O'Connor's letter reports that the parties have agreed to meet on July 17, 2008, arrangements for that meeting have not been finalized as PCG has yet to respond to Macquarie's request that it stipulate not to serve process on Macquarie in its California lawsuit in connection with this settlement conference. If PCG does not agree to this condition, then Macquarie will not participate in a face-to-face settlement discussion in the United States. In short, Mr. O'Connor has not fully represented to the Court the status of our discussions and in his haste to communicate to the Court his request to adjourn the pre-motion conference of June 27, Mr. O'Connor has omitted the facts detailed above. Moreover, in the many months since any negotiations were conducted with PCG's California Counsel, prior to April 7, no offers of settlement, whether orally or in writing, have been made by PCG. This is hardly good faith negotiations that would warrant an adjournment of the Court's conference. In fact, I have never received an offer of settlement from Mr. O'Connor since he was retained by PCG. Apart from his insistence on what party would be appropriate to represent Macquarie at the proposed settlement

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
*A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS*
www.bryancavetrade.com

Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
*A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY*
www.bryancavestrategies.com

Washington, DC
St. Louis

C06838902191R4/1489944.1

Honorable P. Kevin Castel  **Bryan Cave LLP**
June 24, 2008
Page 2

session, Mr. O'Connor's failure to even propose an outline of a settlement offer has exposed his actions for their real purpose -- to delay the Court process at every turn.

While Macquarie is open to conducting settlement negotiations with PCG, Macquarie wishes to move forward with this litigation to obtain declaratory relief. Adjourning the pre-motion conference will prejudice Macquarie by giving PCG an inordinate amount of time before it is required to file a responsive pleading to Macquarie's complaint. Accordingly, Macquarie requests that this Court deny PCG's request to adjourn the June 27, 2008 pre-motion conference.

Respectfully submitted,

Paul M. Kaplan

cc: Paul M. O'Connor, Esq.

*[Handwritten note from Judge:]* I adhere to the adjournment of the conference to July 18. I am confident that diligent counsel will decide to agree to refrain from service of process while traveling from a settlement conference. The retention of a private mediator should be discussed. Negotiations by letter are not elaborate preconditions to meetings rarely result in settlements. SO ORDERED. PKC [initials] USDJ 6/24/08